IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LIONEL LUGO-RODRIGUEZ<br>OASIS MANAGEMENT, INC.<br>Plaintiffs<br><br>vs<br><br>DEPARTMENT OF HEALTH OF THE COMMONWEALTH OF PUERTO RICO THROUGH ITS SECRETARY,<br>sued in his official capacity and EDYINS RODRIGUEZ-MILLAN RAMON MEDINA-GALINDO and<br>JANICE ALBINO-FIGUEROA are all sued in their personal capacities<br>Defendants | CIVIL 09-1404CCC |

## OPINION AND ORDER

Plaintiff Lionel Lugo-Rodríguez, president of Oasis Management, Inc., operating as the Hotel Oasis in San Germán, Puerto Rico, has brought this action pursuant to 42 U.S.C. §1983 against defendants Department of Health of the Commonwealth of Puerto Rico (DOH) and Edyins Rodríguez-Millán, Mayagüez Regional Director of Environmental Health, Ramón Medina-Galindo, the Auxiliary Secretary of the DOH and Janice Albino-Figueroa, each in his or her individual capacity. Lugo-Rodríguez avers that each defendant acted

> under color of state law with [each other] to violate plaintiff's constitutional rights by knowingly attempting to obtain permission to close[ ] plaintiff's Hotel Oasis, a taking of his property without due process of law, in violation of his equal protection rights, committed abuse of process an[d] selective enforcement of statutes and ordinances that other similarly situated establishments are located and have problems, (sic) constituting a taking without just compensation of his property.

Complaint, docket entry 1, ¶5.

The action is now before us on defendants' Motion to Dismiss (**docket entry 17**), which plaintiffs opposed (docket entry 31). Defendants' Motion to Dismiss raises as grounds for dismissal, plaintiffs' failure to state procedural due process and equal protection claims under the Fourteenth Amendment and a claim under the Takings Clause of the Fifth

CIVIL 09-1404CCC                                            2

Amendment; that the suit is time-barred; that the defendants are entitled to qualified immunity.

Lugo-Rodríguez' first cause of action recites the Hotel's history of permit approval. Plaintiff contends that, since around 2004, "the Hotel has not been able to run its restaurant, bar and activities room calendar due to DOH failure to issue the relevant Board of Health permits, despite repeated requests, plaintiff's compliance with applicable regulations and repairs." Id. at ¶13. In ¶¶ 15 through 24, covering the period from April 2004 through April 2007, plaintiff recites other examples of unannounced inspections by defendants and inspectors and the subsequent notification of deficiencies that could be dangerous or constitute an "imminent danger to the health, life and public safety...." ¶19. Among the items for which the Hotel has been cited is a problem related to water quality and to pigeon droppings,[1] id., which plaintiff claims is a common problem in downtown San Germán. ¶ 17. Plaintiff avers that there have been attempts by defendants, including Rodríguez-Millán, "the Mayagüez Regional Director from Environmental Health Department, to arbitrar[il]y and capriciously inspect the Hotel with the express[ed] intent to close plaintiff's business misusing his position at DOH." ¶ 15.

Plaintiff, resting on the above-stated history, avers only one incident occurring within the year before filing of his complaint, at ¶ 25:

> On November 14, 2008, defendant Edyins Rodríguez Millán, once again, came with a pretext of a surprise inspection of the Hotel, accompanied with five DOH employees, with another spectacular, threatening the Hotel employee. (Sic) To date, defendants continue to request the plaintiff Hotel to

---

[1] In Annex 7, to the Motion Submitting English Language Translations to Appendix, docket entry 32-2, deficiencies identified during the re-inspection on April 9, 2007 and notified in a letter to plaintiff dated April 10, 2007 included the presence of pigeons around and in the swimming pool, rodent droppings inside drawers in rooms, stained and dirty sheets that had hairs on, pigeons, their droppings and nests in balconies, defective window operators, all dressers in rooms and furniture in common areas were in poor condition and should be replaced.

CIVIL 09-1404CCC                                    3

close its doors without following its own procedures, regulations and notice requirements in violation of plaintiff's due process rights....

Among the items alleged are:[2] the failure to issue the inspection findings to plaintiff; cancellation of inspections after repairs were made and deficiencies cured and failure to comply with DOH regulations, Puerto Rico's Administrative Procedure Act, and various provisions of the Puerto Rico Constitution.

All of these allegations are rolled into plaintiff's "rights, privileges and immunities under the law and Constitution of the United States and Puerto Rico; in particular the rights secured in his person and property, to be free from seizure and invasion of property, equal protection, abuse of process, selective prosecution and due process of law," ¶ 39; which, through defendants' alleged actions, "violated plaintiff's right to due process, toequal protection of the law, to be free from illegal taking in and to his personal property as guaranteed by the Fourth, Fifth and Fourteenth amendments to the United States Constitution...." ¶ 40.

Plaintiff's second cause of action begins with a wholesale inclusion of all previous allegations to support every imaginable possible cause of action:

> 42.   The reckless an indifferent acts, omission and conspiratorial conduct of the defendants alleged in the above stated cause of action constitute false search and seizure, false sworn declarations, abuse of process, intentional infliction of emotional distress, outrageous conduct, invasion and interference with property, public and private nuisance, negligence, gross and reckless negligence and indifference to plaintiff's rights, under the laws of the Commonwealth of Puerto Rico, unlawful actions under color of law for which defendants are liable to plaintiff together with them, pursuant to 42 U.S.C. §§1983, 1985 and 1988, and this court has supplemental jurisdiction to hear and adjudicate these claims.

Complaint, at ¶ 11.

---

[2] We have omitted items specifically related to time-barred incidents such as "5) The failure to explain the circumstances that warrant an imminent danger in its DOH Pérez Perdomo March 26, 2007 Closing Order."

CIVIL 09-1404CCC                          4

The third cause of action once more includes all previous allegations and alludes to sections of the Constitution of the Commonwealth of Puerto Rico as well as to Article 1802 of the Civil Code of Puerto Rico, which were already included in the first two claims.

The fourth cause of action seeks a preliminary injunction restraining the DOH from continuing its administrative proceedings in regard to the Hotel Case No. QSA-07-03-01.

**Pleading Standard**

The Fed.R.Civ.P. 8 pleading standard does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Maldonado v. Fontanés, 568 F.3d 263, 268 (1st Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949). We are not bound to accept as true "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, at 194 (quoting Twombly, 127 S.Ct. at 1955). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Twombly, at 1955.

Section 1983 requires three elements for liability: deprivation of a right under the Constitution or laws of the United States, a causal connection between the actor and the deprivation, and state action. 42 U.S.C. §1983. "A claim has facial plausibility when the plaintiff pleads concrete, factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 1949.

CIVIL 09-1404CCC                                         5

We, thus, must conduct our analysis by first identifying the allegations of the complaint that are more than legal conclusions, which are not to be considered, and then zero in on the well-pleaded nonconclusory factual allegations to determine whether they, by itself, plausibly give rise to an entitlement to relief. Having done so, we conclude that the complaint before us has failed to bring plaintiff's federal claims "across the line from conceivable to plausible." Twombly, at 1955.

**Time-Barred Events**

42 U.S.C. §1983 takes its statute of limitations from Puerto Rico's limitation period governing personal injury actions. See, e.g. Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 1990). The applicable limitations period is one year, as set by Article 1868(2) of the Civil Code of Puerto Rico, 31 L.P.R.A. §5298(2). Thus, defendants having invoked the affirmative defense that the action is time-barred, only those acts and/or omissions arising from events occurring from May 1, 2008 onward; that is, one year before this complaint was filed on May 1, 2009, are actionable.

The time-barred conduct averred by plaintiff includes the events surrounding the separate determinations of deficiencies found at the Hotel during DOH inspections on July 10, 2003, April 29, 2004, February 4, 2005, and March 15, 2007.

The day after the March 15, 2007 inspection, the DOH issued a warning letter citing 17 violations in the bar area, 41 violations in the restaurant, and 39 violations in the area of the swimming pool. As a result, on March 26, 2007, former Secretary of Health Rosa Pérez-Perdomo issued an order finding that the operation of the hotel, restaurant, swimming pool and bar were in such condition that "may endanger and put in immediate health risk, life and public safety" (Complaint, Ex. 8, Attachment 7) and ordered the cessation of operations for a term of ten days. She also scheduled an administrative hearing on these matters for April 4, 2007. The results of the administrative proceedings are unclear from the complaint. At

CIVIL 09-1404CCC                                           6

¶ 24 of the complaint plaintiff states that he filed an injunction and damges action against the DOH in the Mayagüez Superior Court, which is not final and from which no injunction has been issued.

Therefore, the only event identified as occurring within the prescriptive period, occurred on November 14, 2008.  After removing plainitff's subjective perceptions and speculative conclusions, the hard facts alleged are that, on that date, defendant Rodríguez-Millán, without prior notice, and accompanied by five other DOH employees, came to the Hotel to cary out an inspection.  It is further alleged that defendants "[failed] to issue the inspection findings to plaintiff." (Complaint, ¶ 25-1.)

Puerto Rico law governing such inspections is found in Title 3 L.P.R.A. §181(a), which provides:

> The Secretary of Health or his/her authorized representatives, are hereby <u>empowered to enter any building, house, shop or place at any hour of the day, to inspect and report on the sanitary conditions thereof</u>, or to cause the prompt removal or correction of any public nuisance, in the form and manner prescribed in the sanitary regulations.  The Secretary may likewise order the closing of any building, house, shop, or place, or similar establishment, when he/she confirms that the sanitary conditions thereof or the way that they operate, present an imminent public health problem.  . . . [N]othing that is contained the present shall be limited in the sense of barring the right of the Secretary or his/her authorized representatives to enter the buildings, houses, shops, stores, factories, restaurants, cafés and other places, except private living quarters, without previously obtaining permission from the owner or lodger, provided that the entering is done in good faith by the official with the purpose of making investigations that promote the public health.

(Our emphasis, official translation.)

Section 183 provides the procedure for making claims against the Commonwealth allegedly arising from enforcement of DOH regulations.[3]

---

[3] As to those events outside of purview of this court, a review of the documents accompanying the complaint reflects that the March 26, 2007 order closing the hotel for a term of ten days set an administrative hearing for April 4, 2007 for consideration of extending the order. (Annex 7.)  The complaint, in fact avers at ¶ 24, that on March 27, 2007, the day after the cease and desist order was entered, well before the scheduled

CIVIL 09-1404CCC                                      7

Article IX, Section 2:00 of Regulation 6090 of January 31, 2000, the General Regulation of Environmental Health, grants to the Secretary of Health the power to carry out the inspections as provided by the law, supra.  This section of the regulation specifically provides that such inspections will not require previous notification.

The complaint before us is little more than a litany of inventives resulting from unannounced inspections that revealed a myriad of health, sanitation and safety deficiencies on the premises of the Hotel Oasis.  The power to make unannounced inspections of the hotel, however, is clearly authorized by Puerto Rico law and regulation.  Plaintiff has not even referred to these authorities, let alone challenged their constitutionality.  Moreover, by Lugo-Rodríguez' own admission, defendants have not closed the Hotel:  "This closing of the Hotel, if achieved, would constitute a taking without just compensation and any damages would be inadequate in any other action at law."  (Complaint ¶ 26.)  Therefore, any Fifth or Fourteenth Amendment violations have yet to occur.[4]  As to the failure to provide "findings" after the inspection, other letters included with the complaint that address "findings" from previous inspections are findings of deficiencies.  We therefore fail to see any federal cause of action arising from the DOH's failure to cite them for any deficiencies.

For the above-stated reasons, defendants' Motion to Dismiss (**docket entry 17**) is GRANTED.

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2010.

                                         S/CARMEN CONSUELO CEREZO
                                         United States District Judge

---

administrative hearing was held, plaintiff filed a lawsuit for injunction and damages against the DOH related to those events.

[4] Although plaintiff invokes the Fourth Amendment, they do not aver any facts that would constitute a claim under this constitutional provision.